[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15809
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00018-CR-001-CAR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON DE PAZ-SALVADOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 10, 2010)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Ramon de Paz-Salvador appeals his 77-month sentence for illegal

reentry into the United States, 8 U.S.C. § 1326(a)(2), (b)(2). On appeal, Paz-Salvador argues that the district court: (a) procedurally erred because it failed to adequately explain its chosen sentence at the low-end of the guideline range, and (b) issued a substantively unreasonable sentence.

We review "all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (internal quotation marks omitted). "[T]he district court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007)). "The length and amount of detail of the judge's reasoning required depends on the circumstances." *Id.* The "sentencing judge is not required to state on the record that it has explicitly considered each of the § 3553(a) factors," but "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* (internal quotation marks omitted). A district court's "explicit acknowledgment that it has considered a defendant's arguments and the § 3553(a) factors is sufficient to demonstrate that it has adequately and properly considered those factors." *United States v. Ellisor*, 522 F.3d 1255, 1278

2

(11th Cir. 2008).

Pursuant to *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), we must review the sentencing process for both procedural error and substantive reasonableness. *Livesay*, 525 F.3d at 1091. Procedural errors occur when the district court fails to calculate or improperly calculates the guidelines range, treats the guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence–including an explanation for any deviation from the guidelines range. *Id.* We examine substantive reasonableness "under an abuse-of-discretion standard, taking into account the totality of the circumstances" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). We "expect a sentence within the Guidelines range to be reasonable." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the

3

defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

Here, the record demonstrates that the district court did not procedurally err in imposing the sentence. The district court adequately explained why it issued Paz-Salvador a low-end of the guidelines range sentence when it discussed that Paz-Salvador's violent aggravated felony, for obstruction of a law enforcement officer, simple assault, and simple battery, constituted a crime of violence and that Paz-Salvador's criminal history category of VI accurately reflected his 14-point criminal history. Additionally, we conclude that the district court did not substantively err in imposing the sentence. During sentencing, the district court properly considered Paz-Salvador's history and characteristics and whether a guideline range sentence reflected the seriousness of the offense, promoted respect for the law, and provided just punishment. The district court also acknowledged Paz-Salvador's history of disobeying law enforcement officers and re-entering the

4

United States illegally.  Based on the totality of the circumstances, the district court did not abuse its discretion by imposing a low-end of the guidelines range sentence.  Accordingly, we affirm Paz-Salvador's sentence.

**AFFIRMED.**